Filed 9/1/20  P. v. Thompson CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL LYNNE THOMPSON,<br><br>    Defendant and Appellant. | G058156<br><br>(Super. Ct. No. C-33433)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Lance Jensen, Judge.  Reversed and remanded with directions.

Cathryn L. Rosciam, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Thomas S. Patterson Assistant Attorney General, Tamar Pachter and Nelson R. Richards, Deputy Attorneys General, as Amicus Curiae on behalf of Defendant and Appellant.

Todd Spitzer, District Attorney, and Seton B. Hunt, Deputy District Attorney, for Plaintiff and Respondent.

Defendant Michael Lynne Thompson appeals from the lower court's denial of his petition for resentencing (Petition) under Penal Code section 1170.95 (section 1170.95).

In 1975, a jury convicted defendant of two counts of first degree murder, one count of conspiracy to commit murder, one count of simple kidnapping, and one count of assault by means of force likely to produce great bodily injury. The court sentenced him to life with the possibility of parole.

In 2019, defendant filed his Petition seeking resentencing on the murder count pursuant to section 1170.95. The court denied the Petition on the grounds Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 4; SB 1437), the legislation which added section 1170.95 to the Penal Code, is unconstitutional and unenforceable, because it improperly amended Proposition 7 and Proposition 115.

Defendant's briefs, and an amicus curiae brief filed by the Attorney General in support of defendant (Cal. Rules of Court, rule 8.200(c)(7)), all argue the trial court erred. The respondent's brief filed by the district attorney argues the contrary.

We conclude the trial court erred by ruling SB 1437 unconstitutional. Consequently, we reverse the order denying the Petition, and remand the matter to the trial court with directions to consider the Petition on the merits.

## DISCUSSION

The trial court did not determine whether defendant qualified for relief under section 1170.95, but instead denied the Petition solely on the ground SB 1437 violated article II, section 10, subdivision (c), of the California Constitution because: (1) it constituted a legislative amendment of Proposition 7 (which increased the penalty for first and second degree murder) "without the electorate's approval," and (2) it amended Proposition 115 (which added to the lists of crimes warranting a first degree felony

2

murder conviction) without "the required two-thirds majority vote of both house of the California Legislature . . . ."

Defendant argues the trial court erred by finding SB 1437 unconstitutional. The Attorney General filed an amicus curiae brief on behalf of defendant, defending the constitutionality of SB 1437 and arguing it amended neither Proposition 7 nor Proposition 115. The Orange County District Attorney, representing the People in this appeal, contends SB 1437 amended both propositions.[1]

The constitutionality of SB 1437 was upheld by this Division Three in *People v. Cruz* (2020) 46 Cal.App.5th 740 (*Cruz*); *People v. Solis* (2020) 46 Cal.App.5th 762 (*Solis*); and (*People v. Prado* (2020) 49 Cal.App.5th 480 (*Prado*) and by Division One of this court in *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270 (*Gooden*) and *People v. Lamoureux* (2019) 42 Cal.App.5th 241 (*Lamoureux*).

In all of these cases, the appellate courts agreed with arguments which were substantially identical to those advanced by defendant and the Attorney General in this case, and rejected arguments comparable to those advanced by the district attorney here. We likewise do the same, for the reasons articulated in *Cruz*, *Solis*, and *Prado*.

In *Cruz*, we analyzed the constitutionality of SB 1437 and concluded: "[T]he Legislature's enactment of Senate Bill 1437 has not undone what the voters accomplished with Proposition 7 or Proposition 115 and therefore the legislation does not violate the constitution. Senate Bill 1437 addresses the *elements* of murder, an area related to but distinct from the penalty for murder set by voters in Proposition 7. Nothing in the language of Proposition 7 nor its ballot materials evidences an intent by the voters to prohibit the Legislature from refining the elements of murder, namely limiting

---

[1] The district attorney requests we take judicial notice of seven "matters." Five involve legislative material relating to SB 1437 and voters' ballot information on Propositions 7 and 115. The other two "matters" are the 1977 and 1978 versions of Penal Code sections 187, 188, and 189. Having received no opposition, we grant the district attorney's request. (Evid. Code, §§ 451, 452, 459, subd. (a).)

accomplice liability under the natural and probable consequences doctrine or felony-murder rule.  Nor did the voters so limit the Legislature with the passage of Proposition 115." (*Cruz, supra*, 46 Cal.App.5th at p. 747, italics added.)  Thus, we rejected a contention that SB 1437 alters the punishment for murder set by Proposition 7 by amending the definition of malice in Penal Code section 188 and by limiting who can be prosecuted for felony murder under Penal Code section 189.  (*Cruz,* at p. 754.)

We also concluded SB 1437 did not amend Proposition 115, and rejected an argument that the Legislature was prohibited from addressing accomplice liability for felony murder in SB 1437 merely because accomplice liability in capital cases had been addressed in Proposition 115.  (*Cruz, supra*, 46 Cal.App.5th at pp. 759-760.)  We explained SB 1437's limitations on accomplice liability "in section 189 is an area of law related to but distinct from accomplice liability in special circumstance murder in section 190.2" and "Senate Bill 1437 did not improperly amend Proposition 115 by adding such restrictions to felony murder in section 189." (*Id.* at p. 760.)

Similarly, in *Solis*, we determined SB 1437 does not authorize anything prohibited by Propositions 7 or 115, nor prohibit anything authorized by the voters in these two initiatives.  (*Solis, supra*, 46 Cal.App.5th at p. 769.)  After reviewing the ballot materials for Proposition 7 (*Id.* at pp. 776-777), we concluded "Senate Bill No. 1437 is neither inconsistent with Proposition 7, nor does it circumvent the electorate's intent." (*Id*. at p. 779.)  After considering its text and ballot materials, we reached the same conclusion regarding Proposition 115.  (*Solis,* at pp. 780-783.)

In upholding SB 1437's constitutionality in *Cruz* and *Solis*, we reached the same conclusions our Division One colleagues did in *Gooden* and *Lamoureux*.  In *Gooden*, the majority concluded SB 1437 was constitutional, explaining it did not amend either "Proposition 7 or Proposition 115 because it neither added to, nor took away from, the initiatives." (*Gooden, supra*, 42 Cal.App.5th at p. 275; accord, *Lamoureux, supra*, 42 Cal.App.5th at p. 251.)  As the *Gooden* court observed, "the voters who approved

4

Proposition 7 and Proposition 115 got, and still have, precisely what they enacted—stronger sentences for persons convicted of murder and first degree felony-murder liability for deaths occurring during the commission or attempted commission of specified felony offenses. By enacting Senate Bill 1437, the Legislature has neither undermined these initiatives nor impinged upon the will of the voters who passed them." (*Gooden,* at p. 289.)

Finally, and most recently, another panel of this Division Three took a slightly different tack, and upheld SB 1437 because by its very terms it did not amend or otherwise affect any initiative statutes, and instead only enacted or modified existing legislative statutes, which it is constitutionally empowered to do. (*Prado, supra*, 49 Cal.App.5th at p. 483.)

In the end, the arguments advanced by the district attorney in this case are identical to those we have already rejected in *Cruz*, *Solis*, and *Prado*, and the district attorney has offered nothing to convince us we were incorrect. We see no reason to depart from our analyses and conclusions in those cases—and those of our colleagues in *Gooden* and *Lamoureaux*—that SB 1437 is constitutional.

Therefore, for the reasons articulated in *Cruz*, *Solis*, and *Prado* we conclude the lower court here erred by denying defendant's section 1170.95 Petition.

## DISPOSITION

The order denying the Petition for resentencing is reversed, and the matter is remanded to the trial court with directions to consider the Petition on the merits under section 1170.95.  We express no opinion how the court should rule at those proceedings.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.

6